IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ULYSEE SAMS, JR, | : |
| | : |
| Movant, | : |
| | : |
| v. | :    Case No. 5:19-cr-00069-MTT-CHW-1 |
| | : |
| UNITED STATES OF AMERICA, | : |
| | :    Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | :    Before the U.S. Magistrate Judge |
| _____ | : |

**REPORT AND RECOMMENDATION**

Before the Court is a motion to vacate, set aside or correct sentence filed by Ulysee Sams, Jr. (Docs. 48, 51). The Government has moved to dismiss Movant's Section 2255 motion as untimely. (Doc. 53). Based on the analysis below, it is **RECOMMENDED** that the Court **GRANT** the Government's motion and **DISMISS** this action as untimely. It is further **ORDERED** that Movant's motions to correct his presentence investigation report (PSI) and to inquire into its correctness (Docs. 50, 55) are **DENIED**.

**BACKGROUND**

The Court entered judgment against Movant on August 6, 2020, based upon his plea of guilty to the charge of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and to the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (Doc. 40, p. 1). Movant received a sentence of 120 months of imprisonment based on a calculated offense level of 27, and a criminal history category of IV, which yielded a Sentencing Guidelines range of 100 to 125 months of imprisonment. (Doc. 52, p. 10).

1

As the Court explained at sentencing, Movant's guilty plea and plea agreement, negotiated with the assistance of defense counsel, secured for Movant a "substantial benefit" in that it obtained the dismissal of another count. (Doc. 52, p. 10). After the entry of judgment, Movant did not appeal, consistent with an appeal waiver contained within his plea agreement. (Doc. 24, p. 4).

In his pending Section 2255 motion, Movant now argues both directly and through a claim of ineffective assistance of counsel that his PSI contains inaccurate information. In particular, Movant alleges that a prior criminal conviction for family violence battery, was committed by his father, Ulysee Sams, Sr., but was mistakenly attributed to Movant in the PSI. (Doc. 48, pp. 4–5). Movant also contends that the battery victim, Melvis Jackson, is listed as Movant's wife but is in fact the wife of Movant's father. *See* (Doc. 48, p. 5). A post-judgment investigation conducted by the Court's probation office has confirmed that Movant's narrative is correct, and that mistakes are indeed contained within paragraphs 59 and 60 of Movant's PSI. (Doc. 51-1, p. 1). The issue now before the Court is whether those mistakes warrant a sentence correction under Section 2255.

## MOVANT'S MOTIONS

In addition to his Section 2255 motion and amendment thereto, Movant has also filed documents that the Clerk of Court has construed as separately requesting (1) a correction of Movant's PSI, and (2) a hearing into the matter. (Docs. 50, 55).

To the extent that these filings may have sought relief under Federal Rule of Criminal Procedure 36, the motions are **DENIED**. Rule 36 permits the correction of any "error in a judgment, order, or other part of the record," but the error must be "clerical," meaning "minor and mechanical in nature." *United States v. Garcon*, 611 F. App'x 943, 945 (11th Cir. 2015). The Rule does not permit substantive changes, which encompasses changes that have the potential to alter a Sentencing Guidelines range. *Id.* ("The district judge correctly denied Garcon's Rule 36 motion,

because the changes Garcon requested to his PSI were substantive"). Movant's request is substantive in nature, and hence not properly advanced in a Rule 36 motion.

Movant's request to correct information about his familial relationship with Melvis Jackson also implicates the substantive error of misattribution contained within paragraphs 59 and 60 of Movant's PSI. Movant correctly, although belatedly, has sought to correct these PSI errors through a Section 2255 motion. *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987) ("The correct procedure to pursue a Rule 32 violation is to do so on direct appeal … [or through] a section 2255" motion"). Insofar as Movant attempts to work this change through Criminal Rule 36, however, that attempt is improper, and hence Movant's motions for a clerical PSI correction, and for a related hearing, are denied.

## ANALYSIS

While it is unlikely that Movant would be entitled to relief on the merits of his PSI errors claim,[1] the Government has moved to dismiss Movant's Section 2255 motion for untimeliness, and the record supports the Government's argument.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Section 2255 motions must be filed within one year of four possible triggering dates. 28 U.S.C. § 2255(f). The usual triggering date, and the date applicable here, is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Under this timeliness provision, Movant's conviction became final on August 24, 2020, fourteen days after the Court's entry of judgment on August 10, 2020, and upon the expiration of the appellate period. Fed. R. App. P. 4(b)(1)(A)(i).

---

[1] Correction of the error in the PSI would have had no impact on Movant's sentencing. Even with the correction of the misattribution in paragraphs 59 and 60, Movant's criminal history category would remain at IV, meaning his original Sentencing Guidelines range would remain unchanged. *See* (Doc. 53, p. 2, n.1).

From that date, AEDPA's one-year clock ran for 365 consecutive days, and it expired on August 24, 2021, around eight months before Movant filed his initial Section 2255 motion. (Doc. 48). As the Government notes, Movant's filings might be liberally construed as seeking the application of a different triggering date, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Movant's sentencing transcript, however, shows that Movant should have been aware of the PSI misattribution by at least the date of sentencing:

| | |
|---|---|
| The Court: | … Mr. Sams, have you received a copy of this presentence report? |
| Defendant: | Yes, sir. |
| The Court: | Have you had an opportunity to review it and discuss it with Mr. Raines? |
| Defendant: | Yes, sir. |
| The Court: | Do you have any questions for me about the report now? |
| Defendant: | No, sir. |

(Doc. 52, p. 6)

Indeed, Movant's defense counsel may have been aware of the issue. At sentencing, counsel expressed "some biographical misgivings," and even stated that "the things that we found [in the PSI] may not have been 100-percent accurate." Counsel stated, however, that the errors would "have no bearing on Mr. Sams' guideline range," so counsel lodged no objection to the PSI. (Doc. 52, p. 6).

In addition to these remarks by defense counsel and the Court, the prosecutor expressly referred to the misattributed prior offense, which occurred in January 2016, and the prosecutor even stated on the record that the offense was committed by "possibly his father." (Doc. 52, p. 9).

4

The record thus shows that Movant should have reasonably discovered and complained of the PSI's misattribution by at least the date of sentencing. Hence, Section 2255(f)(4) provides no later timeliness triggering date, and accordingly, Movant's Section 2255 motion is statutorily untimely.

Finally, Movant does not seek equitable tolling of AEDPA's clock, and nothing in the record indicates that Movant is entitled to equitable tolling. As a general matter, equitable tolling is proper only when a Section 2255 movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

Movant offers no explanation for his delay in filing a Section 2255 motion or otherwise seeking to bring the PSI errors to the Court's attention, and hence Movant fails to satisfy the diligence requirement. Additionally, while the Court might assume that Covid-19 staffing shortages or lockdowns may have created filing complications, there is no indication that those complications amounted to an "extraordinary circumstance" that prevented Movant from timely filing a Section 2255 motion. Indeed, the record shows that Movant was able to file a letter with the Court in February 2021, prior to the expiration of AEDPA's clock. *See* (Doc. 45).

Accordingly, and to summarize, because Movant's Section 2255 motion is statutorily untimely, and because Movant is not entitled to equitable tolling, it is recommended that the Government's motion to dismiss be granted.

## **CONCLUSION**

For the reasons discussed herein, it is **RECOMMENDED** that the Government's motion to dismiss (Doc. 53) be **GRANTED**, and that Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docs. 48, 51) be **DISMISSED** as untimely. It is further **ORDERED** that Movant's motions to correct his presentence investigation report (PSI), and to

inquire into its correctness (Docs. 50, 55) are **DENIED**. Finally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2255 Cases, it does not appear that Movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 11th day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge